SEBRING, Justice.
The defendant below has appealed from an adverse judgment in a suit brought by the plaintiff to rescind a contract involving the sale of a bird dog, and to recover the purchase price paid and other damages.
The complaint in the case alleges, in substance, that the defendant was a professional bird dog trainer and field trial handler and as such knew the qualifications necessary for a dog to have in order to compete successfully on the major field trial circuit. On December 14, 1950, the defendant, in order to induce the plaintiff to purchase a bird dog then owned by the defendant, falsely represented and warranted that the dog was of such quality and had such training as to be able to compete successfully in field trials for bird dogs on the major circuit ; and that the dog was of sound physical condition, was so finished in his training on quail as to be what is generally known in field trial parlance as “finished on his game,” and was physically capable of competing successfully in field trial heats of three hours duration; in short, that he was what is generally known in field trial parlance as a “three-hour dog.” Relying upon these warranties the plaintiff was induced to purchase the dog for the sum of $3000, with the expectation of using him in major field trial, which the defendant well knew; a condition of the purchase being that the plaintiff would be allowed a 30-day trial period within which to ascertain whether the dog was as warranted. After he had had him in his possession for *233 a short time, the plaintiff found that the warranty as to soundness was not true but that the dog was infected with heart worms at the time of sale. He found, also, that the other warranties were not true, because the dog1 was not finished on his game and consequently was not a “three-hour dog.” Thereupon the plaintiff sought to rescind the contract by returning the dog and demanding back the purchase price. Defendant refused to take back the dog or refund the purchase price.
In answer to the complaint filed by the plaintiff, the defendant filed an answer in which he denied that he had made 'any warranties in respect to the dog, except that he was a “three-hour dog,” and denied any agreement for a 30-day trial period.
Upon these issues the parties went to trial.
Plaintiff’s witnesses testified that a three-hour dog, in field trial parlance, meant a bird dog that is sound physically, finished on his game (training), and capable of running three-hour races in field trials with such speed and finish as could reasonably be expected to win. Such a dog for major field trial competition, according to these witnesses, had to demonstrate the highest attributes of speed, range, nose, style, bird-finding proclivities, training and stamina. The witnesses testified, further, that the dog purchased from the defendant did not possess these attributes, and one of the witnesses testified that the dog was infected with heart worms at the time of the sale and hence was not sound physically.
In response to this evidence, the defendant testified that although he knew the purpose for which the plaintiff was purchasing the dog, he made no warranty as to the dog other than that he was a three-hour dog, by which he meant “that the dog could run three hours, that he had the stamina and ability to run three hours.” He testified, also, that there had been no agreement as to a 30-day trial period but that the sale was an absolute sale without condition. Other witnesses for the defendant testified that the dog had all the qualities expected of a’ “three-hour dog,” according to the definition of the term given by the plaintiff’s witnesses, and that he was not infected with heart worms.
Thus was presented the simple issues of fact for determination, with respect to the meaning of the term “three-hour dog,” whether the dog measured up to the meaning of the term, and whether the sale had been absolute or upon condition. On these issues the jury found in favor of the plaintiff and hence the judgment must stand affirmed, unless certain charges given by the court to the jury were of such an erroneous nature as to require us to reverse the judgment and order a new trial.
The defendant below has assigned as error the giving of the following charge by the trial court:
(a) “If the plaintiff has carried that burden by proving by a fair preponderance of the evidence that the dog was sold on an implied warranty — that it was sound when he knew it was not —and if you find the dog was not sound you will find in favor of the plaintiff. If the plaintiff did not establish the right to recovery by a fair preponderance of the. evidence, or if the testimony preponderates in favor of the defendant in support of his plea that he sold the dog only on an expressed warranty that the dog could run for three hours, and instead of being induced to buy the dog you find that Faircloth induced Brown to sell him the dog with the only warranty that it was a three-hour dog; and if you find by the testimony that a three-hour dog meant only that the dog was capable and could run three hours without- weakening; and that there was no misrepresentation, your verdict would be for the defendant, Brown.”
(b) “When'the seller knows the use the purchaser intends to make of an animal, the sale for such use or purpose at a sound price carries an implied warranty that the animal is free from hidden defects or diseases which would impair its usefulness for such prirpose; now, if'you find from the preL ponderance of" the testimony in this' cause that the dog sold by the defend *234 ant to the plaintiff was at the time of such sale possessed of hidden defects or was infected with any disease which would impair its usefulness for the purpose for which it was purchased, your verdict in this cause would be for the plaintiff.”
The defendant maintains that the giving of this charge requires a reversal of the judgment appealed from because it failed to inform the jury that where the sale of an animal for a particular purpose is involved there can be no recovery for the breach of an implied warranty that the animal is adapted to the purpose unless it is shown by the buyer that he made known to the seller the particular purpose for which the animal was being purchased and relied on the seller’s skill and' judgment in the matter.
Had the case below been one for the recovery of damages for breach of an implied warranty, there might be some substance to the contention made by the defendant. See 77 C.J.S., Sales, § 330, page 1187; Am.Jur. Sales, § 392, pages 567, 568. But, as has been heretofore noted, the case was not bottomed upon that theory, but upon the theory that the defendant expressly warranted the dog to be a “three-hour dog,” and that this express warranty necessarily carried with it and included within its scope the implied warranties that the animal was sound physically, was finished in his training, and was capable of running three-hour races in major field trials with such speed and finish as could be reasonably expected to win; that such an animal had to demonstrate the highest attributes of speed, range, nose, style, bird-finding proclivities, training, and stamina.
The trial judge charged the jury that it was their duty to determine from the evidence what was meant by a three-hour dog, in field trial parlance, and whether the plaintiff had proven that the animal had failed to measure up to these qualities and attributes. Moreover, he charged them, in effect, that if they found that the express warranty accompanying the sale was not as broad in scope as contended for .by the plaintiff but that the express warranty made by the defendant was only that “the dog could run- three hours, and that he had the stamina and ability to run three hours,” then it was their duty to determine whether the animal lived up to 'the warranty made by the defendant, and if he did, that! their verdict should be for the defendant.
In denying the motion for new trial filed by the defendant, the trial court made the following statement in respect to the issue raised by the defendant:
“The Court is convinced that the instructions on implied warranties were improvidently given; however, after considering the entire charge of the Court and the fact that no implied warranty, as mentioned by the Court, could in fact have existed other than that which was alleged as an express warranty, no harm, under the facts and circumstances of the case, could be attributable to the giving of such charge. In other words, the Court is of the opinion that the express warranties defined by the Court in the charge to the Jury, the burden of proving which was placed on the Plaintiff, embraced and included any defined, implied warranty.”
We concur with the views expressed by the trial judge, and hold that the judgment appealed from should stand affirmed.
It is so ordered.
ROBERTS, C. J., TERRELL, J., and DAYTON, Associate Justice, concur.